UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT PARKERSBURG

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 6:08-CR-00172 |
| Plaintiff, | ) ) | JUDGE ROBERT C. CHAMBERS |
| vs. | ) ) ) | |
| HEIDI C. LAUGHERY, | ) ) | **DEFENDANT HEIDI C. LAUGHERY'S MEMORANDUM IN SUPPORT OF THE** |
| Defendant. | ) ) | **GOVERNMENT'S MOTION TO REDUCE SENTENCE PURSUANT TO RULE 35** |

### Introduction

On April 19, 2010, this Court sentenced Heidi C. Laughery, in part, to a term of 18 months of incarceration for her participation in a Money Laundering Conspiracy in violation of 18 U.S.C. § 1957(h).[1] In fashioning this sentence, the Court determined that Ms. Laughery was at an offense level 15, in Zone D, for sentencing purposes. At that sentencing hearing, the Court indicated it would review Ms. Laughery's cooperation and the substantial assistance that she provided to the Government at a later date in order to determine her final sentence.

Ms. Laughery is submitting this memorandum in support of the Government's recent Motion to Reduce Sentence Pursuant to Rule 35 to aid the Court in determining Ms. Laughery's final sentence. It is vital that the Court has a complete understanding of the time and energy that Ms. Laughery has dedicated to assisting the Government in its investigation of the Sequelle project and how her efforts led to the subsequent prosecutions and convictions of Alan Michael McPeek and James Larry Hymer.

### Ms. Laughery's Substantial Assistance to the Government

Criminal Rule 35 governs correcting or reducing a sentence, stating in relevant part:

> **(b) Reducing a Sentence for Substantial Assistance.**
>
> **(1)** *In General.*
>
> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

* * *

---

[1] Ms. Laughery's sentence also contained other items not relevant for the purposes of this memorandum.

**(3)** *Evaluating Substantial Assistance.*

In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.

**(4)** *Below Statutory Minimum.*

When acting under Rule 35(b), the court may reduce the sentence to a level below the minimum sentence established by statute.

Accordingly, this Court may consider the scope and breadth of Ms. Laughery's cooperation with the Government from its inception and, if appropriate, reduce her sentence to a level below the statutory minimum in reviewing her substantial assistance to the Government in investigating or prosecuting another person.

*1.     The Scope and Breadth of Ms. Laughery's Substantial Assistance*

The investigation of the Sequelle Project was not an easy investigation. It involved a complicated set of events surrounding a company's use of a sophisticated technology; it was document intensive; and it involved individuals either withheld information from or provided false or self-serving information to the Government.

The Government needed someone who had been with the Sequelle Project from its infancy in order to truly understands the many twists and turns associated with Sequelle's efforts to bring broadband internet service to the citizens of rural West Virginia. Ms. Laughery uniquely satisfied this criterion and possessed the necessary institutional knowledge to "teach" the history of the Sequelle Project to the Government's attorneys and investigators. Because of her cooperation, the Government was able to fully investigate all of the criminal behavior associated with the Sequelle Project, and it discovered Mr. McPeek's and Mr. Hymer's criminal behavior.

Her assistance includes, but is not limited to, the times, dates, and locations below:

| Cooperation Description/Persons Involved | Date | Location |
|---|---|---|
| Investigator/Prosecutor Interviews | 1/22/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Interviews, documents | 2/19/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Interviews | 2/20/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Interviews | 2/23/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Document Review | 5/21/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Interviews | 7/1/2009 | Federal Bldg, Charleston |
| Grand Jury Testimony | 9/2/2009 | Federal Bldg, Charleston |
| Investigator/Prosecutor Interviews | 4/26/2010 | Conference call |
| Preparation of Deployment Analysis, documents | 4/28/2010 | Forwarded electronically |
| Phone Call, Lead Investigator | 6/01/2010 | Conference call |
| Phone Call, Lead Investigator | 6/15/2010 | Conference call |
| Investigator/Prosecutor Interviews, documents | 7/2/2010 | Conference call |
| Available for Trial Testimony | 7/6/2010 | Federal Bldg, Charleston |

| Available for Trial Testimony | 7/7/2010 | Federal Bldg, Charleston |
| Available for Trial Testimony | 7/8/2010 | Federal Bldg, Charleston |

Many of these meetings required significant travel from her home in Shaker Heights, Ohio to Charleston, West Virginia. She provided documents, many of which were new to the investigators, and spent extensive time with the investigators explaining the relevance of those documents. She responded to numerous information requests from the Government as the case progressed. She testified before the Grand Jury, and she traveled to West Virginia as a potential witness for the Government in Mr. Hymer's trial (although she was not called).

> 2. *Ms. Laughery's Substantial Assistance Led to the Indictment and Conviction of Mr. McPeek and Mr. Hymer*

Ms. Laughery's substantial assistance led to the discovery of Mr. McPeek's and Mr. Hymer's efforts to conceal their own criminal conduct and mislead Government investigators. Mr. McPeek told investigators and testified in the Grand Jury that he had no knowledge of the Joint Venture created between Sequelle and MentorGen, creating the impression that the Sequelle Board was unaware of the existence of the Joint Venture and the circumstances surrounding Ms. Laughery's receipt of her outstanding salary. Ms. Laughery provided information and materials to the Government that showed Mr. McPeek lied about his knowledge of the existence of the Joint Venture. The Government did not possess this information, and through her assistance, the Government was able to demonstrate that Mr. McPeak had perjured himself. The Government brought charges against Mr. McPeek for his false statements, and he pled guilty to perjury.

Similarly, Mr. Hymer lied about his involvement in the Sequelle Project. He disavowed knowledge of the agreement to pay Ms. Laughery's salary, and he provided documents to auditors that mischaracterized the events surrounding Ms. Laughery's receipts of funds through MentorGen. Through Ms. Laughery's efforts, the investigators learned of the true nature of Mr. Hymer's involvement. Mr. Hymer was indicted and, after a one-week trial, was convicted of two counts of Obstruction of Justice on July 9, 2010.

As seen above, Ms. Laughery's substantial assistance led to the discovery of Mr. McPeek's and Mr. Hymer's criminal activities and ultimate convictions at trial for Obstruction of a Federal Audit, Perjury, and Obstruction of a Federal Grand Jury Investigation. Simply put, the cases against Mr. McPeek and Mr. Hymer could not have been investigated and filed without Ms. Laughery's cooperation.

**Conclusion**

This Court knows that Ms. Laughery has accepted responsibility for her criminal conduct. In addition to accepting responsibility, Ms. Laughery has done everything that she can to assist the Government as it has investigated and prosecuted those involved in the Sequelle Project. Not only was her cooperation vital to educating the Government about the Sequelle Project, it enabled the Government to discover and prosecute additional, newly discovered criminal conduct. As the Government has acknowledged, Ms. Laughery has provided substantial

assistance, and her sentence should be reduced to reflect her significant contributions to the investigation and prosecution of the criminal activity referenced above.

Respectfully submitted,


 /s/ Michael O. Callaghan
MICHAEL O. CALLAGHAN
WVSB No. 5509
Neely & Callaghan
159 Summers St.
Charleston, WV 25301-2134
(304) 343-6500

 /s/ John R. Mitchell
JOHN R. MITCHELL
*Admitted Pro Hac Vice*
Ohio Bar Reg. No. 0066759
John.Mitchell@ThompsonHine.com
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500

DOUGLAS E. GROVER
*Admitted Pro Hac Vice*
New York Bar Reg. No. 1302546
Douglas.Grover@ThompsonHine.com
Thompson Hine LLP
335 Madison Avenue, 12th Floor
New York, New York 10017-4611
(212) 344-5680

*Attorneys for Defendant Heidi Laughery*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Support of the Government's Motion to Reduce Sentence Pursuant to Rule 35 was served by regular U.S. mail, this 22nd day of July, 2010, upon the following:

    AUSA L. Anna Forbes
    U.S. Attorney's Office for the Southern District of
        West Virginia
    P.O. Box 1713
    Charleston, WV 25326-1713

                          /s/ Michael O. Callaghan
                          *One of the Attorneys for Defendant HeidiLaughery*